*SEPTEMBER TERM 1808.          [*532
SUPREME COURT HELD AT PITTSBURGH.

FOR THE WESTERN DISTRICT.

CORAM—TILGHMAN, CHIEF JUSTICE, YEATES, SMITH AND BRACKENRIDGE, JUSTICES.

## Holmes and Harriot plaintiffs in error *against* Abraham Keitlinger and Philip Serber.

A paper superscribed by one of the parties, respecting the matter in controversy, should go to the jury.  The court cannot say what influence it might have on their minds.

[Holmes and Harriot *v.* Keitlinger et al.]

WRIT of error to the Common pleas of Crawford county.  A bill of exceptions was sealed on the trial, on the 28th March 1807, the substance whereof was as follows.

The defendants offered in evidence, that they had carried for the plaintiffs from Pittsburgh to Waterford, 16 barrels of whiskey, at $3 per barrel.  The plaintiffs alledged, that the defendants had used a part of the said whiskey on the road, and offered in evidence a letter to John Vincent, signed with the name of Abraham Keitlinger one of the defendants, and his proper mark affixed thereto, respecting the said whiskey, the reading whereof was objected to by the defendants, and not permitted by the court to be read in evidence ; because the body of the letter was in the hand writing of Francis B. Holmes, one of the plaintiffs, and there was no witness to the said letter, and no evidence was offered to prove that the said letter was read to the said Abraham, or that he understood the contents thereof.

To this opinion the plaintiffs' counsel excepted.

It further appeared by the bill of exceptions, that the said letter if read, would have shewn, that the said John Vincent, was requested by the said Abraham to examine the said 16 barrels of whiskey ; and that the same John, was sworn as a witness in the cause, and testified, that the above letter was put into his hands, and that he did examine the said 16 barrels of whiskey, and found them deficient in the proper number of gallons ; and no evidence was offered by the defendants, to prove that any fraud or imposition whatever was used by the said plaintiffs or others upon the said Abraham, touching the said letter.  The jury upon the evidence before them, found for the defendants, and certified in their favour the sum of $98 and 22 cents.

*533]  *Mr. Baldwin, for the plaintiffs.  Can it be seriously asserted, that a paper respecting the matter in controversy, admitted to be subscribed by one of the defendants, should not have gone to the jury, to be judged of by them ?  Could the court determine that it would have no influence on their minds, or refuse it in evidence as immaterial ?  It is of no moment who wrote the body of the letter ; and no proof, either positive or presumptive was given, to shew that the signer of the letter was imposed upon, and subscribed his mark under a deception.

Mr. A. W. Foster, for the defendants.  Every plaintiff must make out his case by legal proof.  The defendants alledge, that Keitlinger being unlettered, was deceived by the contents of the paper to which he set his mark.  There was no presumption, that he was made acquainted with what he signed.

But how is this letter material evidence ?  Whether Vincent examined the whiskey, with or without instruction from Keitlinger, is of no avail, and could have no effect in the cause.  It appears by the bill of exceptions, that he was sworn as a witness, and proved his examination of the contents of the barrels ;

so that in truth, the purport of the letter was really disclosed to the jury.

The court said, they had no doubt whatever of the matter before them. The signature of Keitlinger to the letter, was admitted to be genuine ; and the legal presumption was, that he knew the contents of the paper he had subscribed, but liable to be combatted either by positive or presumptive proof, that he was deceived therein. So it is on the plea of *non est factum*, to a specialty. The execution of it is proved in the first instance ; and then fraud or any suspicious circumstances may be shewn in evidence to avoid it. But if nothing of this kind is proved, the plaintiff maintains his issue.

It is impossible for this court to denominate the letter to be immaterial evidence. It might be used by way of corroboration to the testimony of Vincent ; and possibly the jury might think, that upon the receipt of such a letter, he could use more caution in inspecting the barrels of liquor. It is not for us to say, what weight this letter would have in the minds of the jury.

Judgment reversed. Restitution of the money levied, and *venire facias de novo* awarded.